[Civ. No. 7030. Second Appellate District, Division One.—February 29, 1932.]

SMILES ELSIE DOWDELL et al., Respondents, v. THE OWL DRUG COMPANY (a Corporation) et al., Appellants.

Barker & Keithly and Barker, Smiley & Keithly for Appellants.

S. S. Hahn for Respondents.

CONREY, P. J.—This is an appeal by defendants The Owl Drug Company and William E. Smith, an employee of said company, from a judgment upon a verdict awarding to plaintiffs the sum of $25,000 as damages for false imprisonment of plaintiff Smiles Elsie Dowdell.

Mrs. Dowdell was employed by The Owl Drug Company as saleswoman, and defendant Smith was employed by said company as an investigator. On March 19, 1928, defendant Fore, a sergeant in the Los Angeles police department, brought one Palmer to the office of Captain of Detectives Cato at Sawtelle on a charge of ''suspicion of burglary'', preferred by Mrs. Dowdell. During the course of this investigation Palmer volunteered to Captain Cato information that Mrs. Dowdell had stolen merchandise from The Owl Drug Company. Captain Cato thereupon telephoned to defendant Smith and instructed Officer Fore to get Smith and go with him to Mrs. Dowdell's house, and in the event that they found there property they could identify as coming from The Owl Drug Company, to make the arrest. Thereupon Smith went to the police station and directed defendants Officers Fore and Brinnegar to the residence of Mrs. Dowdell. The officers had no search-warrant, nor any warrant for Mrs. Dowdell's arrest, but the two officers and Smith proceeded to make a thorough search of Mrs. Dowdell's house and garage, during the course of which Smith identified many articles as having come from The Owl Drug Company. Some were in the house, others in a trunk in the garage. Mrs. Dowdell was arrested and taken to the Sawtelle police station, from there she was removed to the city jail and then to the county jail, where she was confined until March 22, 1928, at which time she was released from custody, never having been taken before a magistrate and no charge ever having been filed or procured against her.

Appellants urge as grounds for a reversal of the judgment the following:

1. That there was no evidence to show any authorization by The Owl Drug Company for the act of arrest; and that no authority therefor was to be implied from the nature of Smith's employment with the company;

2. That the arrest, although without a warrant, was made by peace officers upon reasonable grounds for their belief

that a felony had been committed and that Mrs. Dowdell was guilty thereof; and that Smith, if he participated in the arrest, did so in his capacity as a peace officer and not as an employee of The Owl Drug Company;

3. That the award of damages is so grossly excessive as to warrant the conclusion that it was inspired by prejudice and passion;

4. That the court erred in refusing to admit in evidence a writing executed by Mrs. Dowdell purporting to release appellants from liability and admitting the ownership by The Owl Drug Company of goods found on her premises.

Without expressing any opinion upon the merits of the foregoing stated grounds of appeal, we think that it will be sufficient to consider the additional claim by appellants, that the court erred to their prejudice in the matter of instructions given to the jury, and refusal to give certain instructions requested by appellants. The court gave to the jury the following instruction: "If you believe from the evidence that personal property of the value exceeding the sum of $200 had not been taken from The Owl Drug Company; that plaintiff Smiles Elsie Dowdell had not taken personal property of The Owl Drug Company exceeding the value of $200; that merchandise found in the home of the plaintiff and identified as having come from The Owl Drug Company was of the kind and quality and quantity usually found in the home and among the personal effects of a woman in the station of life of said plaintiff, and was of a value of less than $200; that plaintiff Smiles Elsie Dowdell told the defendants William E. Smith and William Fore that the merchandise found in her home and which had come from The Owl Drug Company had been purchased by her while in the employ of said Owl Drug Company, and that the record thereof was on the books of said company; that said plaintiff at all times stated to the defendants William E. Smith and William Fore that she had never at any time stolen anything from The Owl Drug Company or any other person; that no attempt was made by the plaintiffs or either of them, while the defendants William E. Smith and William Fore were searching the plaintiff's home, to conceal or destroy any merchandise, then I instruct you that as a matter of law there was no reasonable cause for the arrest

of the plaintiff Smiles Elsie Dowdell on a charge of grand theft."

The foregoing instruction stated a wrong theory of the case and was very prejudicial to appellants. If we assume that Smith made or joined in the making of the arrest, and that at the same time he was acting within the scope of his authority as an "investigator" of appellant Owl Drug Company, nevertheless Smith was also a peace officer, and the lawfulness of an arrest made by him must be tested by the provisions of section 836 of the Penal Code. The evidence shows without contradiction that Smith was a "special constable". The plaintiff herself stated that she knew Mr. Smith was a special officer at the time. This is the equivalent of evidence that he was a deputy constable. A constable is a peace officer. (Pen. Code, sec. 817.) "A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person, . . . 4. On a charge made, upon a reasonable cause, of the commission of felony by the party arrested. . . . " (Pen. Code, sec. 836.)

Grand theft is committed "when the money, labor or real or personal property taken is of a value exceeding two hundred dollars"; and in other ways not pertinent to this case. In accordance with the law as hereinabove stated it is clear that a peace officer is authorized to arrest on a charge made, upon a reasonable cause, of the commission of a felony by the party arrested. The right to make the arrest does not in the least degree depend upon the results of further investigation thereafter made whereby the innocence of the arrested person may be established. Nevertheless the court, by the foregoing quoted instruction, informed the jury substantially to the effect that if in fact the plaintiff had not taken personal property of The Owl Drug Company exceeding the value of $200 then there was no reasonable cause for her arrest. For we consider that the additional clauses of the instruction were immaterial modifications of the main proposition contained in the instruction. If an officer has received information whereby upon a reasonable cause a charge is made of the commission of a felony by the party arrested, the law does not say that he must postpone the arrest for the purpose of investigating claims made by the accused person in support of his or her asserted innocence.

It may be that in many instances this would be a reasonable and proper course for an officer to pursue; but in the interest of public safety the law refrains from saying that an officer, before he can make a lawful arrest, must not only have received information sufficient to constitute probable cause for the charge, but that he must further pursue the inquiry at the request or dictation of the person about to be arrested. Even in the matter of instituting a prosecution upon criminal complaint it is the rule that a person acting upon probable cause (''a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man to believe that a charge is true'') is not required to exhaust all sources of information bearing upon the facts which have come to his knowledge. (*Johnson* v. *Southern Pac. Co.*, 157 Cal. 333, 338 [107 Pac. 611].) The same rule is, of course, applicable to the generally more urgent situation when an arrest is to be made.

█ In the present case there was evidence which, if believed by the jury, would have warranted them in finding that the arrest was made upon a charge of grand larceny, and that in the light of the information which Smith and his fellow officers had received, such charge was made upon a reasonable cause. The court by its instruction deprived appellants of this defense. The prejudicial quality of the error is apparent.

The judgment is reversed.

Houser, J., concurred.

York, J., dissented.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 29, 1932.

York, J., dissented.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 28, 1932.