[Crim. No. 18108. Second Dist., Div. One. Dec. 29, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID JOSEPH HOULE, Defendant and Appellant.

## COUNSEL

Philip J. Catanzaro, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Lazubir L. Butler, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—This is an appeal from a conviction of possession of amphetamine in violation of Health and Safety Code section 11910. Appellant does not question the sufficiency of the evidence to support the conviction. He contends that evidence consisting of a container of amphetamine and a hypodermic needle was illegally obtained and hence improperly admitted, and that a confession obtained from him and received in evidence was made without a conscious waiver of his *Miranda* rights. We find the contentions to be unsupported and affirm the conviction.

Appellant, while at liberty on bail, had failed to appear at a hearing upon an unrelated charge. A bench warrant was issued. His bondsman and a personal surety went to a residence on North Gower to take appellant into custody pursuant to Penal Code section 1301. The bondsman and surety entered the residence and found amphetamine and a hypodermic needle which they took into their custody. It is conceded by the prosecution that the manner of search for and seizure of the contraband would have been illegal if conducted by a police officer. Appellant entered the residence after the contraband was seized and was arrested by the bondsman "for bail jumping." There is no evidence that the bondsman and personal surety were acting as agents for or in concert with the police when they found and seized the amphetamine and hypodermic.

The bondsman, a former state narcotics agent, telephoned Officer Edward Sanchez of the narcotics division of the Los Angeles Police Department and reported finding the amphetamine and his arrest of appellant. Sanchez instructed the bondsman to bring appellant and the contraband to the police administration building.

At police headquarters, appellant appeared to be under the influence of amphetamine. He was properly warned of his *Miranda* rights and replied that he understood them. He confessed that the amphetamine and hypodermic found by the bondsman were his.

In a motion to suppress evidence pursuant to Penal Code section 1538.5, appellant contended that the amphetamine and hypodermic could not be received in evidence. He argued in the trial court, as he does on this appeal, that the action of the bondsman in searching for and seizing the contraband was "state action" because of the authority granted to a "bail" by Penal Code section 1301, and that consequently the exclusionary rule applies to the situation present in the case at bench. The argument is not supported by the law.

The Fourth Amendment's prohibition against unreasonable searches and seizures does not apply to searches by private individuals not acting in concert with or as agents of governmental authorities. (*Burdeau* v. *McDowell*, 256 U.S. 465 [65 L.Ed. 1048, 41 S.Ct. 574, 13 A.L.R. 1159]; *Stapleton* v. *Superior Court*, 70 Cal.2d 97, 100 [73 Cal.Rptr. 575, 447 P.2d 967].) That rule applies although the search may be incident to an arrest made pursuant to the statutory authority granted a private citizen by Penal Code sections 834 and 837 dealing with citizen's arrest. (*People* v. *Cheatham*, 263 Cal.App.2d 458, 462 [69 Cal.Rptr. 679].) While a bondsman occupies a distinctive position which permits him to take the defendant into custody (Pen. Code, § 1301; *People* v. *Walling*, 195 Cal. App.2d 640, 645 [16 Cal.Rptr. 70]; Witkin, Cal. Criminal Procedure (1963) § 160, p. 153; Gustafson, *Bail in California*, 44 Cal. L.Rev. 815, 832), we conclude that he must be classified as a private citizen for the purpose of application of the exclusionary rule.[1] The commonly expressed purpose of the rule is that of deterring official police excesses in the conduct of search and seizure. That purpose is not advanced by the exclusion of evidence obtained in whatever fashion by a bail bondsman. A bondsman, in making an arrest of an absconded defendant, is acting to protect his own private financial interest and not to vindicate the interest of the state.

Thus the bondsman in the case at bench was acting as a private citizen. The record discloses further that he was not acting as the agent of the police or in concert with them in a fashion which renders the product of the search made by him subject to the exclusionary rule. At the time the bondsman found the contraband, he was acting strictly on his own behalf. When he informed Officer Sanchez that the contraband had been found, the intrusion into appellant's right of privacy had already occurred. Officer Sanchez' instruction to the bondsman to deliver the amphetamine and hypo-

---

[1] We are aware of footnote 3 in *Stapleton* v. *Superior Court, supra,* 70 Cal.2d 97, 100, which indicates a possible disposition of our Supreme Court to consider whether the controlling United States Supreme Court decision in *Burdeau* v. *McDowell, supra,* 256 U.S. 465, correctly interprets the Fourth Amendment to the United States Constitution where the private person conducting a search is a private investigator or private policeman. As an intermediate appellate court, we deem ourselves bound by *Burdeau.*

dermic to the police administration building constituted a reasonable course of conduct in view of the illegal character of the material found without police intervention.

The case at bench differs from those such as *Stapleton* v. *Superior Court*, 70 Cal.2d 97 [73 Cal.Rptr. 575, 447 P.2d 967], and *United States* v. *Price*, 383 U.S. 787 [16 L.Ed.2d 267, 86 S.Ct. 1152], where state authorities were joint participants with private persons in conduct violating constitutional rights. Here the violation was solely by the private person and preceded any police participation.

Appellant contends also that the record discloses, as a matter of law, that he did not intelligently waive his *Miranda* rights at the time he confessed. He bases that contention solely upon the uncontradicted evidence that he was under the influence of amphetamine at the time. The record does not support appellant's contention. While the record discloses that he was under the influence of the drug, it also contains evidence that appellant understood the *Miranda* warning. An almost identical contention has recently been rejected by our Supreme Court in *People* v. *Bauer*, 1 Cal.3d 368, 374 [82 Cal.Rptr. 357, 461 P.2d 637]. The authority of that decision dictates that we reject appellant's contention here.

The judgment of conviction is affirmed.

Lillie, Acting P. J., and Gustafson, J., concurred.