[Crim. No. 18488. Second Dist., Div. Three. Mar. 3, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
EZELL MILLARD, Defendant and Appellant.

**COUNSEL**

Jack H. Mowery, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, and Richard P. Hemar, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**COBEY, J.**—Ezell Millard appeals from a judgment (order granting probation) following his being found guilty of possession of marijuana after a trial to the court. The primary basis for the appeal is appellant's contention

that the marijuana introduced into evidence against him was obtained by the police by means of an unconstitutional search and seizure.

We agree and reverse.[1]

## The Facts

On Monday, February 2, 1970, Sergeant Barton and Officer Willig of the Los Angeles Police Department, were working off duty as store security officers in the J. J. Newberry Store at 445 South Broadway in downtown Los Angeles. At approximately 11:30 a.m., the officers were informed by the store's floor manager that appellant was bothering the cashiers in their booth, and bumping into people in the aisles. The floor manager had asked appellant to leave the store, and appellant was attempting to comply. The officers followed appellant and noticed that he kept bumping into a counter, that he told two women standing together to get out of his way and then pushed one of them aside and then apparently stopped at the Frosty Freeze department for service there. Barton also observed that appellant's eyes were bloodshot, that he was having difficulty remaining erect, and that he smelled of alcohol.

The officers thereupon approached appellant. Barton asked appellant to leave the store. Appellant replied he would when he was ready. Barton noticed that appellant's speech was slurred and thick.

Barton thereupon identified himself to appellant as a police officer by showing appellant his badge, and arrested appellant for being under the influence of intoxicating liquor in a public place. (Pen. Code, § 647, subd. (f).)

Barton took appellant to the store security office. There by inquiry of appellant he obtained his name. He then asked appellant for further identification. Appellant replied that he had none. Barton then made a cursory exterior search of appellant's person for weapons. In the course of this search he felt a wallet and a paper bag in appellant's pockets. He removed them and checked them for evidence of appellant's identification. Inside the bag Barton discovered 18½ cigarettes containing what was subsequently proved to be marijuana. Barton then rearrested appellant for possession of marijuana.

## The Constitutionality of the Search

■ Our dissenting colleague takes the position that the search before us was not protected by the Fourth Amendment to the United States Consti-

---

[1]Appellant also claims that federal constitutional error was committed in the introduction by the People of an extrajudicial statement he made to the police regarding the origin of the marijuana found upon his person. We do not reach this point.

tution and article I, section 19, of the California Constitution because it was made by Barton, an off-duty police officer, in his capacity as a store security guard.

We disagree as to the capacity in which Barton acted in making his search of appellant's person. The search was incident to the arrest which had just preceded it and Barton had made this arrest ostensibly and expressly as a police officer and not as a private person. His authority to do so in his off-duty hours may not be questioned. (See *Dowdell* v. *Owl Drug Co.,* 121 Cal.App. 316, 319 [8 P.2d 890]; *County of Los Angeles* v. *Industrial Acc. Com.,* 123 Cal.App. 12, 16 [11 P.2d 434]; cf. *Peters* v. *New York, sub nom. Sibron* v. *New York,* 392 U.S. 40, 48-49, 66 [20 L.Ed.2d 917, 926-927, 936, 88 S.Ct. 1889].)

 The question presented then is whether the police may constitutionally search for evidence of further identification the person of one arrested for intoxication as an incident to that arrest. In *Chimel* v. *California,* 395 U.S. 752, 762-763 [23 L.Ed.2d 685, 693-694, 89 S.Ct. 2034] the court said "When an arrest is made it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be in danger, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize *any evidence* on the arrestee's person in order to prevent its concealment or its destruction." (Italics added.) The words "any evidence" are not enlarged upon in the portion of the opinion we have just quoted but almost immediately the court made clear by quoting from *Preston* v. *United States,* 376 U.S. 364, 367 [11 L.Ed.2d 777, 780, 84 S.Ct. 881] that the evidence referred to was evidence of the crime for which the individual had been arrested.[2]

 Police search of an arrestee's person incident to his arrest should therefore ordinarily be limited in purpose to weapons and evidence of the crime for which he was arrested unless the police have reasonable cause to believe he has contraband on his person. (See *People* v. *Superior Court (Kiefer)* 3 Cal.3d 807, 813-816 [91 Cal.Rptr. 729, 478 P.2d 449]; cf. *People* v. *Nunn,* 264 Cal.App.2d 919, 923-925 [70 Cal.Rptr. 869].)

---

[2]This quotation in relevant part is: "The rule allowing contemporaneous searches is justified, for example by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime."

The court follows this quotation with a reference to *Peters* v. *New York, sub nom. Sibron* v. *New York,* 392 U.S. 40 [20 L.Ed.2d 917, 88 S.Ct. 1889] in the course of which it said: "We emphasized that the arresting officer did not engage in an unrestrained and thoroughgoing examination of Peters and his personal effects." *Chimel* at page 764 [23 L.Ed.2d at page 695].

These limitations are in accord with the principle enunciated in *Terry* v. *Ohio*, 392 U.S. 1, 19-20, 29 [20 L.Ed.2d 889, 904-905, 910, 88 S.Ct. 1868] that the constitutionally permissible scope of a search is determined by the circumstances which authorized its initiation. (See *People* v. *Superior Court* (*Kiefer*) *supra*, 3 Cal.3d 807, 814; *People* v. *Weitzer*, 269 Cal. App.2d 274, 289-291 [75 Cal.Rptr. 318], hg. den.; cf. *Pendergraft* v. *Superior Court*, *ante*, p. 237 [93 Cal.Rptr. 155].)

Accordingly, it seems that the search by the police of appellant's person for further evidence of identification was not constitutionally justified in this case. The Attorney General argues, however, such justification for the general body search made of appellant by the police for further evidence of identification may be found by viewing this search as a lesser field version of the skin or strip search that the police would have made of appellant for contraband at the time of his booking at jail. In support of this justification the Attorney General points to *Morel* v. *Superior Court*, 10 Cal.App.3d 913, 917, 920 [89 Cal.Rptr. 297], hearing denied, which held that the police may at the time of the arrest make a thorough body search of one arrested for engaging in a vehicle speed contest in order to protect themselves during the subsequent transportation of the arrestee and to prevent his disposing of any contraband on his person during such transportation.

In our view the trouble with applying this justification here is that it assumes that appellant was inevitably going to be transported elsewhere by the police. Penal Code section 849, subdivision (b)(2), however, has long expressly provided that following a warrantless arrest any peace officer may release an arrestee from custody when the arrest has been made for intoxication only and no further proceedings are desirable.

In this case the record is silent as to whether the police prior to their discovering the marijuana on appellant's person intended to jail him or release him without jailing him. Since the search under review was made without a warrant, the burden rested on the People to show proper justification therefor. (*People* v. *Henry*, 65 Cal.2d 842, 845 [56 Cal.Rptr. 485, 423 P.2d 557].) They have not done this because they have failed to show us which of the two alternate courses available to the police under Penal Code section 849, subdivision (b)(2), the police intended to follow.

The situation here is not unlike that in *People* v. *Mercurio*, 10 Cal. App.3d 426, 428, 431-432 [88 Cal.Rptr. 750], hearing denied. There a jail house search of an arrested jay walker was held invalid because the

police had failed prior to the search to accord to the arrestee his statutory right to bail.

The judgment (order granting probation) is reversed.

Schweitzer, Acting P. J., concurred.

**ALLPORT, J.**—I dissent.

Following a valid arrest for being under the influence of intoxicating liquor in a public place, defendant was taken to the J. J. Newberry store security office by an off-duty Los Angeles city police officer who was working part time for that company as a security guard. At the office a cursory search was made for weapons. No weapons or contraband were found at that time. During this pat-down the guard did feel the presence of a wallet in defendant's pocket. When asked his name defendant replied "Millard." Thereafter defendant was asked for some identification. He stated that he did not have any. The officer next removed the wallet, a brown paper bag and two or three other articles from defendant's pocket. The wallet contained no identification. A check was then made of the contents of the paper bag *for identification,* at which time the contraband was discovered and defendant arrested for possession of marijuana. The initial search was legal as incidental to a valid arrest for being intoxicated in a public place and was expressly limited to weapons. The second search of the wallet and paper bag, which is condemned by the majority, was in my opinion legal, being not only contemporaneous with a valid arrest, but being made solely for the purpose of endeavoring to make personal identification of the arrestee. Identification is an essential part of the detention or arrest procedure. The search as made was clearly reasonable. The arresting guard first asked for identification. Obtaining only a partial name in response to that verbal inquiry and a negative response to the request for identification, it was logical to extract the wallet in an effort to learn and verify the individual's identity. Finding no assistance from the contents of the wallet, the inquiry was then pursued by looking into the bag. The bag may well have contained a sales slip, medical prescription, or other personal paper or effect from which identification could have been made. Identification by some means becomes inevitably necessary in the course of processing one detained or arrested. In fact, proper and immediate identification could, in cases such as this, result in release from custody without prosecution of charges. (Pen. Code, § 849.) Identification of one subject to arrest and who is unable to cooperate may also be desirable for the benefit of the person involved in case he should be suffering from an illness or injury not readily apparent. Certainly an on-the-scene search of one's wallet and

other personal effects for identification under the circumstances of this case should not be deemed offensive by the individual or an unreasonable exercise of authority. I see no requirement in law or logic for holding that an on-the-scene reasonably conducted search of one clearly under the influence of intoxicating liquor or of anyone otherwise unable to cooperate voluntarily in the production of personal identification is constitutionally illegal or otherwise violative of individual rights.

Further, assuming that an on-the-scene search for identification of one otherwise unable to identify himself should be deemed violative of the Fourth Amendment provision against unreasonable search and seizure, the protection afforded thereby has been held inapplicable to searches by private individuals not acting in concert with or as agents of the governmental authorities. (*Burdeau* v. *McDowell,* 256 U.S. 465 [65 L.Ed. 1048, 41 S.Ct. 574, 13 A.L.R. 1159]; *Stapleton* v. *Superior Court,* 70 Cal.2d 97, 100 [73 Cal.Rptr. 575, 447 P.2d 967].) I would conclude that an off-duty police officer acting as a security guard should be classed as a private citizen for the purpose of application of the exclusionary rule. Here there is nothing in the record that establishes that these individuals were acting other than as private security guards. While they did identify themselves as "police officers" and one showed his "badge," the testimony fails to indicate that the words "police officers" or the "badge" referred to was indicative of other than reference to themselves as private police. Their action did not establish them to be, or acting as, agents of governmental authority at the time of these events. See also *People* v. *Houle,* 13 Cal. App.3d 892, 895 [91 Cal.Rptr. 874], where it is said: "The Fourth Amendment's prohibition against unreasonable searches and seizures does not apply to searches by private individuals not acting in concert with or as agents of governmental authorities. (*Burdeau* v. *McDowell,* 256 U.S. 465 [65 L.Ed. 1048, 41 S.Ct. 574, 13 A.L.R. 1159]; *Stapleton* v. *Superior Court,* 70 Cal.2d 97, 100 [73 Cal.Rptr. 575, 447 P.2d 967].) . . .*"

I would affirm the judgment for both of the reasons stated herein.

Respondent's petition for a hearing by the Supreme Court was denied April 29, 1971. McComb, J., and Burke, J., were of the opinion that the petition should be granted.

---

"*We are aware of footnote 3 in *Stapleton* v. *Superior Court, supra,* 70 Cal.2d 97, 100, which indicates a possible disposition of our Supreme Court to consider whether the controlling United States Supreme Court decision in *Burdeau* v. *McDowell, supra,* 256 U.S. 465, correctly interprets the Fourth Amendment to the United States Constitution where the private person conducting a search is a private investigator or private policeman. As an intermediate appellate court we deem ourselves bound by *Burdeau.*"