[Crim No. 20849. Second Dist., Div. Five. Jan. 26, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
DEBRA DIANE BLATT, Defendant and Appellant.

**Counsel**

Robert C. Clark for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Daniel W. McGovern, Deputy Attorney General, for Plaintiff and Respondent.

**Opinion**

**THE COURT**—Defendant was charged by information with two counts of possessing dangerous drugs. (Health & Saf. Code, § 11910.) She pleaded not guilty. A motion under section 1538.5 of the Penal Code, partially submitted on the transcript of the preliminary hearing, was denied. Defendant then withdrew her plea of not guilty and pleaded guilty to count II. She was sentenced to county jail for six months. Sentence was suspended and defendant was placed on probation for one year. Count I was dismissed. The appeal is from the judgment and order granting probation. (Pen. Code, § 1538.5, subd. (m).)

The facts viewed in the light most favorable to the People are as follows: Officer Sewell of the Los Angeles Police Department went to 1602 Sunset Boulevard on April 27, 1971, in response to a radio call that a citizen was holding a narcotic suspect at that address. Upon arriving at the location, he discovered it to be a men's clothing store which was open for business, although there were no customers there at the time. Sewell was met by a man who identified himself as Mr. Blatt, the store's proprietor. Blatt pointed to

defendant, who was seated behind a counter, and told the officer that she was his daughter and that she was "stoned." While Sewell and Blatt conversed, defendant began speaking. Her words were abusive, and Sewell did not think them coherent. Defendant's speech was thick, and she had difficulty enunciating. Her eyes did not focus, and her head swayed back and forth. She appeared to Sewell to be intoxicated. He smelled no alcohol on her breath. He concluded that she was under the influence of a narcotic or dangerous drug. He had previously seen people under the influence of narcotics or dangerous drugs in excess of 100 times. In Sewell's opinion defendant was unable to care for herself. Sewell asked Blatt whether he was willing to assume the responsibility of caring for defendant in view of her inability to care for herself. Blatt said that he was not. Sewell then placed defendant under arrest. She was causing a disturbance at the time by her use of loud and abusive language. Sewell therefore escorted her to a dressing room open to the public at the rear of the store. Defendant was carrying a purse which Sewell decided to search for weapons or narcotics. Defendant refused to give the officer her purse. He removed it from her. Inside were the pills which formed the basis for the instant charges.

Sewell's partner, Officer Simpson, telephoned defendant's mother after learning that her father was unwilling to care for her. Defendant called her mother as a witness at the section 1538.5 hearing. Mrs. Blatt was not permitted to testify to the contents of the telephone conversation in the face of a hearsay objection by the People.

■ Defendant contends on this appeal that her arrest and the search of her purse were both illegal. She argues, first, that because she was behind the counter, rather than in the usual shopping area of the store, she was not in a public place within the meaning of section 647, subdivision (f) of the Penal Code.[1] The argument is specious. It is well established that a business open to the public is a public place within the meaning of section 647, subdivision (f) of the Penal Code. (*In re Zorn,* 59 Cal.2d 650, 652 [30 Cal.Rptr. 811, 381 P.2d 635]; cf. *In re Steinke,* 2 Cal.App.3d 569, 575 [82 Cal.Rptr. 789].) No diagram of the store was admitted in evidence; however, it is reasonably inferable from the officer's testimony that the counter behind which he first observed defendant seated was the type of service counter common to retail stores behind which salespeople normally stand while waiting on customers. Frequently, in fact, merchandise is displayed behind such counters and it is not unusual for customers to walk

[1]The record is silent as to the offense for which defendant was initially arrested. Both parties assume, however, that it was for violating section 647, subdivision (f) of the Penal Code. We concur in this assumption for the purpose of deciding this appeal.

behind them while shopping. The Supreme Court in *Zorn, supra,* defined the term "public place" as including areas open "to common, or general use." The counter area would be one which the public used in making purchases. No legal distinction can be drawn, under section 647, subdivision (f), between activities conducted on one side of such a counter and those conducted on the other. To hold otherwise would be to grant sanctuary not contemplated by the statute to any intoxicated person who by design or happenstance wandered behind a service counter in the center of a retail store.

■ Defendant next contends that the evidence was insufficient to establish probable cause for her arrest. We cannot agree. Officer Sewell testified in detail, as set forth above. His observations which led him to conclude that defendant was intoxicated and unable to care for herself were corroborated by Blatt's statement to him that defendant was "stoned." Because he was her father, Blatt's assessment of defendant's behavior as abnormal and her condition as intoxication of some form was more reliable than such conclusions would have been if they had come from a total stranger who was unfamiliar with defendant's usual demeanor. Sewell's past experience in cases involving drug intoxication provided a reasonable basis for his conclusion as to the basis for defendant's intoxication. (Cf. *Reinert* v. *Superior Court,* 2 Cal.App.3d 36 [82 Cal.Rptr. 263].) There was ample evidence to sustain Sewell's conclusion that defendant was intoxicated, that the probable basis for her intoxication was drugs, and that she was unable to care for herself. Thus her arrest was based on probable cause.

■ Finally, defendant contends that an arrest under section 647, subdivision (f) of the Penal Code cannot justify an incidental search absent an affirmative showing by the People that the arresting officer had made a decision to actually book the culprit. Here, defendant argues, it is inferable that no such decision had been made prior to the search of defendant's purse, because Officer Simpson was still engaged in a telephone conversation with defendant's mother. Defendant does not contend that the hearsay objection to her mother's testimony regarding the telephone conversation should not have been sustained. Rather, she contends that there is no evidence in the record regarding whether the officers intended to book her and that the People have therefore failed to sustain their burden of proof. Defendant relies upon *People* v. *Smith,* 17 Cal.App.3d 604 [95 Cal.Rptr. 229], and *People* v. *Millard,* 15 Cal.App.3d 759 [93 Cal.Rptr. 402].

*Smith, supra,* is distinguishable from the instant case in that it involved an appeal by the People following the granting of the defendant's section 1538.5 motion. All inferences were, therefore, drawn in favor of the defendant's position. We of course must draw all inferences in support of the

People's position. Thus while it is possible to infer that Simpson telephoned defendant's mother to learn if she would assume responsibility for defendant should defendant be released into her custody, it is not necessary to draw that inference. Rather, it is equally reasonable to infer that Simpson telephoned Mrs. Blatt merely to inform her that her minor daughter was being taken into custody.[2] This latter inference is bolstered by Sewell's testimony that he placed defendant under arrest upon learning that her father refused to accept responsibility for her care and that only afterward did his partner telephone Mrs. Blatt. *Millard, supra,* is distinguishable from the instant case in that it dealt with alcoholic intoxication, for which a release from custody without further proceedings is a not infrequent occurrence. (Pen. Code, § 849, subd. (b)(2).) Here, however, the officer had probable cause to believe that defendant's intoxication was induced by illegally obtained drugs or narcotics. There is no evidence that the officers intended or even contemplated taking defendant to a hospital or treatment facility. They, therefore, could not have simply released her. (Pen. Code, § 849, subd. (b)(3).) Under these circumstances the search was lawful.

The judgment is affirmed.

---

[2]At the time defendant entered her guilty plea she stated that she was 19 years old. There was no evidence as to defendant's age presented at the section 1538.5 hearing; however, the court could assess defendant's age by observing her at that hearing.