SAETA, J.
I dissent. In my opinion neither search was constitutionally justified.
Both defendants were arrested for possession of marijuana, Health and Safety Code sectionl 1357. There were no arrest or search warrants. Their body searches were justifiable as incidents to their arrests only if (1) they were to be jailed and the search was to prevent weapons or contraband from being introduced into the jail; (2) they had concealed weapons on their persons which might be used to assault the arresting officers or useful to effect an escape; (3) there was probable cause to believe that they had instrumentalities used to commit the crime for which they were arrested, or fruits of that crime, or other evidence which would aid in their conviction; or (4) for contraband. The above rules are set forth in People v. Superior Court (Simon) (1972) 7 Cal.3d 186 at pages 201-202 [101 Cal.Rptr. 837, 496 P.2d 1205] as follows:
“We take as the point of departure our Kiefer decision (People v. Superior Court (1970) supra, 3 Cal.3d 807), in which we reiterated certain basic principles also bearing on the case at hand. Thus, Tt is now settled that as an incident to a lawful arrest, a warrantless search limited both as to time [citation] and place [citation] may be made (1) for instrumentalities used to commit the crime, the fruits of that crime, and other evidence thereof which will aid in the apprehension or conviction of the criminal; (2) for articles the possession of which is itself unlawful, such as contraband or goods known to be stolen; and (3) for weapons which can be used to assault the arresting officer or to effect an escape.’ (Id., at pp. 812-813.) A search may be incident to a lawful arrest, however, and yet be unlawful because it was ‘unreasonable in scope’: that scope must be ‘strictly tied to and justified by’ the particular circumstances which initially permitted the search. (Id. at pp. 813-814.)
*Supp. 29 “In applying these rules, the first two categories listed above present little difficulty. In the case of an ordinary traffic offense there are neither ‘instrumentalities’ used to commit the crime nor ‘fruits’ or ‘evidence’ thereof, so that a search for such items as an incident to the driver’s arrest is unreasonable per se, whether conducted in his vehicle (id. at p. 813) or on his person.12
“With respect to contraband, we said in Kiefer that ‘in the typical traffic violation case . . . the “circumstances justifying the arrest”—e.g., speeding, failing to stop, illegal turn, or defective lights—do not also furnish probable cause to search the interior of the car.’ (Id. at p. 814.) If the arresting officer ‘cannot reasonably expect to discover either instrumentalities or fruits or seizable evidence of the offense; still less does the arrest give him reasonable grounds to believe, without more, that the vehicle contains contraband. ... To justify that search, there must be independent probable cause to believe the vehicle does in fact contain contraband.’ (Id. at pp. 814-815.) This reasoning applies with equal force to a search of the driver, and to justify such a search there must likewise be independent probable cause to believe that contraband is in fact secreted on his person.”[1] Simon and its predecessor, People v. Superior Court (Kiefer) (1970) 3 Cal.3d 807 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559], involved arrests for traffic violations. Subsequent Supreme Court cases have extended the above rules to ordinances involving public campfires (People v. Brisendine (1975) 13 Cal.3d 528 [119 Cal.Rptr. 315, 531 P.2d 1099]) and public intoxication under Penal Code section 647, subdivision (f); People v. Longwill (1975) supra, 14 Cal.3d 943 and People v. Maher (1976) supra, 17 Cal.3d 196). The crux of these decisions is that a mere arrest for a crime where the defendant is not likely to be jailed does not of itself give probable cause for a body search for contraband, instrumentalities of crime, fruits of crime or other evidence useful to obtain a conviction and that such a search must rest on independent evidence of probable cause to suspect the defendant of possessing such matter.
Cook and Soberanes, the defendants involved in our cases, were both arrested for violating Health and Safety Code section 11357 which *Supp. 30 provides, in subdivision (b) for citation release rather than jailing after arrest. Thus these cases fall squarely within the rationale of Kiefer, et al. People v. Knutson (1976) 60 Cal.App.3d 856 [131 Cal.Rptr. 846], cited by the majority, appears to establish a contrary line of authority to the Kiefer Supreme Court line. Knutson relies on several cases where the justification for the search was the imminent or actual jailing of the defendant, e.g., People v. Martin (1972) 23 Cal.App.3d 444, 447 [100 Cal.Rptr. 272] (arrest for possession of a kilo of marijuana); People v. Williams (1971) 17 Cal.App.3d 275, 278-279 [94 Cal.Rptr. 735] (auto theft); People v. Monreal (1968) 264 Cal.App.2d 263, 265 [70 Cal.Rptr. 256] (possession of marijuana prior to the amendment of the law requiring a citation release rather than jailing); People v. Woods (1956) 139 Cal.App.2d 515, 524-525 [293 P.2d 901] (where the search was made in jail by a jail doctor); and People v. Munsey (1971) 18 Cal.App.3d 440 [95 Cal.Rptr. 811] (Veh. Code, § 23105 arrest where the Court of Appeal specifically states that the search rationale is based on the jailing of the defendant).[2] Further, the court in Knutson interprets an arrest under Penal Code section 647, subdivision (f) for drug intoxication as requiring jailing rather than release under Penal Code section 849. As has been seen, Health and Safety Code section 11357, subdivision (b) explicitly requires release and therefore Knutson would not seem to control the result in our cases. At a minimum, Knutson establishes an exception to the Kiefer line of authority in a situation where the defendant has been arrested for public intoxication on a drug other than alcohol where the officer has determined he will jail the defendant rather than release him. Such an exception is beyond the facts of our cases.
The search not having been justifiable as a “pre-jailing” search, the record must show independent probable cause to believe that the defendants possessed additional contraband on their persons. No such evidence appears to have been submitted to the magistrate. I do not believe it is reasonable to infer from the fact that Cook had a one-half inch marijuana cigarette that he had other contraband, instrumentalities, fruits or evidence on his person. Similarly, the cigaretté and envelope found in the automobile Soberanes occupied did not furnish probable cause to suspect that he had additional contraband on his person. None of the officers articulated any reasonable suspicion that the defendants had additional matter concealed to justify their warrantless body *Supp. 31 searches. Thus I can not agree that the officers were entitled to look for more marijuana to see if the one-ounce limitation applied. In my opinion, the fact that there is a one-ounce limitation in the law guiding the punishment for possession of marijuana does not of itself authorize an otherwise unreasonable search.
I would affirm the ruling in Cook and reverse that in Soberanes.

 footnote 12 of Simon refers to the exception made in driving under the influence of alcohol and drug cases for search of autos and drivers for corroborating evidence. This exception to the general rule has not been expanded to public intoxication arrests, People v. Longwill (1975) 14 Cal.3d 943 [123 Cal.Rptr. 297, 538 P.2d 753] and People v. Maher (1976) 17 Cal.3d 196 [130 Cal.Rptr. 508, 550 P.2d 1044], and I see no reason to expand this exception to include arrests for possession of marijuana under Health and Safety Code section 11357.

 Knutson also relies on two cases called into question by People v. Longwill, supra, 14 Cal.3d 943 in footnote 2 at page 950; People v. Superior Court (Johnson) (1971) 22 Cal.App.3d 227 [99 Cal.Rptr. 338] and People v. Blatt (1972) 23 Cal.App.3d 148 [99 Cal.Rptr. 855].