TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-108 |
| of | : | |
| | : | July 29, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MICHAEL D. BRADBURY, DISTRICT ATTORNEY, VENTURA COUNTY, has requested an opinion on the following question:

What duties may a bail agent perform for a surety and may he carry a loaded firearm while performing such duties?

CONCLUSION

A bail agent may, upon request of the surety liable for the undertaking, arrest a defendant and transport him to a court, magistrate, sheriff, or police, as directed. Although a bail agent has no explicit statutory authority to carry a loaded firearm when performing his duties, he is not precluded from doing so in limited circumstances. Like any person who does not have a permit to carry a firearm, he may carry a loaded firearm while engaged in the act of making or attempting to make a lawful arrest of the defendant.

ANALYSIS

Subdivision (e) of section 28 of article I of the Constitution provides:

"A person may be released on bail by sufficient sureties, except for capital crimes when the facts are evident or the presumption great. Excessive bail may not be required. . . ."

This constitutional provision and a similar one (Cal. Const., art. I, § 12 ["A person shall be released on bail by sufficient sureties, except for . . ."]) have been implemented by the

Legislature (Pen. Code, §§ 1268-1292) **Footnote No. 1** to allow a defendant to be released from custody while waiting to make a court appearance.

The question presented for resolution concerns the authority of a bail agent to arrest a defendant and transport him to a court or appropriate law enforcement agency. Under what circumstances may the arrest take place, and may the bail agent carry a loaded firearm to effectuate the arrest? We conclude that a bail agent may arrest a defendant prior to the time the surety is discharged. Although no explicit statutory authority exists for a bail agent to carry a loaded firearm, he is not precluded from doing so in limited circumstances. Like any person who does not have a permit to carry a firearm, he may carry a loaded firearm while engaged in the act of making or attempting to make a lawful arrest of the defendant.

The term "bail" normally refers to the undertaking submitted by the surety to obtain the defendant's release. "The term 'bail' means the security--whether cash or bond--given for the due appearance of a prisoner in order to obtain his release from imprisonment. [Citation.]" (*People* v. *Allied Fidelty Ins. Co.* (1984) 152 Cal.App.3d 283, 286.) **Footnote No. 2**

"The purpose of bail is to assure the defendant's attendance in court when his presence is required, whether before or after conviction. [Citations.]" (*In re Underwood* (1973) 9 Cal.3d 345, 348; see *McDermott* v. *Superior Court* (1972) 6 Cal.3d 693, 695; *People* v. *Allen* (1994) 28 Cal.App.4th 575, 580.) The surety's obligation, then, is "to secure attendance of a defendant." (*People* v. *American Bankers Ins. Co.*, *supra*, 233 Cal.App.3d at 568.) In performing this obligation, the surety may designate someone to assist him; this person is commonly referred to as the "bail agent." (See *People* v. *Landon White Bail Bonds* (1991) 234 Cal.App.3d 66, 71-73; *People* v. *American Bankers Ins. Co.*, *supra*, 233 Cal.App.3d at 565-566.)

A bail agent may perform the duties of a surety by arresting the defendant, taking the defendant into custody, and transporting the defendant to the proper authorities, whether to a court, a magistrate, sheriff, or police. (*People* v. *Amwest Surety Ins. Co.* (1991) 229 Cal.App.3d 351, 355; *People* v. *Houle* (1970) 13 Cal.App.3d 892, 895.) Section 1300 states:

"(a) At any time before the forfeiture of their undertaking, or deposit by a third person, the [surety] may surrender the defendant in their exoneration, or he may surrender himself, to the officer to whose custody he was committed at the time of giving bail, in the following manner:

"(1) A certified copy of the undertaking of the bail, or a certified copy of the certificate of deposit where a deposit is made, must be delivered to the officer who must detain the defendant in his custody thereon as upon a commitment, and by a certificate in writing acknowledge the surrender.

"(2) The [surety], upon surrendering the defendant, shall make reasonable effort to give notice to the defendant's last attorney of record, if any, of such surrender.

"(3) The officer to whom the defendant is surrendered shall, within 48 hours of the surrender, bring the defendant before the court in which the defendant is next to appear on the case for which he has been surrendered. The court shall advise the defendant of his right to move

the court for an order permitting the withdrawal of any previous waiver of time and shall advise him of the authority of the court, as provided in subdivision (b), to order return of the premium paid by the defendant or other person, or any part of it.

"(4) Upon the undertaking, or certificate of deposit, and the certificate of the officer, the court in which the action or appeal is pending may, upon notice of five days to the district attorney of the county, with a copy of the undertaking, or certificate of deposit, and the certificate of the officer, order that the bail of deposit be exonerated. However, if the defendant is released on his own recognizance or on another bond before the issuance of such an order, the court shall order that the bail or deposit be exonerated without prejudice to the court's authority under subdivision (b). On filing the order and papers used on the application, they are exonerated accordingly.

"(b) Notwithstanding subdivision (a), if the court determines that good cause does not exist for the surrender of a defendant who has not failed to appear or has not violated any order of the court, it may, in its discretion, order the [surety] to return to the defendant or other person who has paid the premium or any part of it, all of the money so paid or any part of it."

Section 1301 provides:

"For purpose of surrendering the defendant, the [surety] . . . at any time before such [surety] is finally discharged, and at any place within the state, may himself arrest defendant, or by written authority indorsed on a certified copy of the undertaking or a certified copy of the certificate of deposit, may empower any person of suitable age to do so.

"Any . . . person who so arrests a defendant in this state shall, without unnecessary delay, and, in any event, within 48 hours of the arrest, deliver the defendant to the court or magistrate before whom the defendant is required to appear or to the custody of the sheriff or police for confinement in the appropriate jail in the county or city in which the defendant is required to appear. Any . . . person who arrests a defendant outside this state shall, without unnecessary delay after the time defendant is brought into this state, and, in any event, within 48 hours after defendant is brought into this state, deliver the defendant to the custody of the court or magistrate before whom the defendant is required to appear or to the custody of the sheriff or police for confinement in the appropriate jail in the county or city in which defendant is required to appear.

"Any . . . person who willfully fails to deliver a defendant to the court, magistrate, sheriff, or police as required by this section is guilty of a misdemeanor.

"The provisions of this section relating to the time of delivery of a defendant are for his benefit and, with the consent of the [surety], may be waived by him. To be valid, such waiver shall be in writing, signed by the defendant, and delivered to such . . . person within 48 hours after the defendant's arrest or entry into this state, as the case may be. The defendant, at any time and in the same manner, may revoke said waiver. Whereupon, he shall be delivered as provided herein without unnecessary delay and, in any event within 48 hours from the time of such revocation.

"If any 48-hour period specified in this section terminates on a Saturday, Sunday, or holiday, delivery of a defendant by a . . . person to the court or magistrate or to the custody of the sheriff or police may, without violating this section, take place before noon on the next day following which is not a Saturday, Sunday, or holiday."

As indicated in section 1301, a bail agent may not only arrest a defendant when the latter has failed to appear in court but also whenever the surety wishes to be relieved of his obligation under the bond. However, in either case, the bail agent acts as a private citizen to protect the financial interest of the surety rather than "to vindicate the interest of the state." (*People* v. *Houle*, *supra*, 13 Cal.App.3d at 895.)

In arresting a defendant, a bail agent may use reasonable force as necessary under the circumstances. (See *Long Beach Police Officers Assn.* v. *City of Long Beach* (1976) 61 Cal.App.3d 364, 373-374; *People* v. *Piorkowski* (1974) 41 Cal.App.3d 324, 327-330; *People* v. *Lathrop* (1920) 49 Cal.App. 63, 67-68; see also *People* v. *Amwest Surety Ins. Co.*, *supra*, 229 Cal.App.3d at 356-357.)

With specific regard to a bail agent's authority to carry a loaded firearm, we find two statutory prohibitions particularly relevant. Section 12025 states in part:

"(a) A person is guilty of carrying a concealed firearm when he or she does any of the following:

"(1) Carries concealed within any vehicle which is under his or her control or direction any pistol, revolver, or other firearm capable of being concealed upon the person.

"(2) Carries concealed upon his or her person any pistol, revolver, or other firearm capable of being concealed upon the person.

"(3) Causes to be carried concealed within any vehicle in which he or she is an occupant any pistol, revolver, or other firearm capable of being concealed upon the person."

We note that "[f]irearms carried openly in belt holsters are not concealed within the meaning of this section" (§ 12025, subd. (e)), and the prohibition does not generally apply to one's own "place of residence, place of business, or on private property owned or lawfully possessed by the citizen or legal resident" (§ 12026, subd. (a)). **Footnote No. 3** Moreover, a firearm may generally be transported under the following conditions:

"(1) The firearm is within a motor vehicle and it is locked in the vehicle's trunk or in a locked container in the vehicle other than the utility or glove compartment.

"(2) The firearm is carried by the person directly to or from any motor vehicle for any lawful purpose and, while carrying the firearm, the firearm is contained within a locked container." (§ 12026.1, subd. (a).)

While various persons are exempt from section 12025's prohibition (§ 12027), none appear applicable to bail agents. Of course, a bail agent may apply for a license to carry concealed a firearm capable of being concealed (§§ 12050-12054). (See § 12027, subd. (j); 78 Ops.Cal.Atty.Gen. 209, 210 (1995).)

Even more germane to our inquiry is the prohibition of section 12031, which states in part:

"(a)(1) A person is guilty of carrying a loaded firearm when he or she carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory."

Similar to section 12025's prohibition, various exceptions to the prohibition of section 12031 are specified by the Legislature. The particularity of section 12031's language detailing the persons to whom the prohibition is inapplicable, including peace officers (subd. (b)(1)), retired peace officers (subd. (b)(2), (b)(3)), members of the military (subd. (b)(4)), persons using target ranges (subd. (b)(5)), persons with licenses to carry firearms (subd. (b)(6)), armored vehicle guards (subd. (b)(7)), and retired federal officers (subd. (b)(8)), is noteworthy for our purposes. Subdivision (c) of section 12031 provides an additional exemption for persons who have completed a firearms training course offered by the Commission on Peace Officer Standards and Training, including patrol special police officers (subd. (c)(1)), animal control officers and zoo keepers (subd. (c)(2)), and harbor police officers (subd. (c)(3)). Subdivision (d) of section 12031 further exempts persons who have been issued a certificate by the Department of Consumer Affairs for completing a training in firearms use and the powers of arrest, including guards and messengers of financial institutions (subd. (d)(1)), licensed private investigators (subd. (d)(3)), public agency security guards (subd. (d)(4)), and private security guards (subd. (d)(5)). Finally, section 12031 exempts from the statutory prohibition the carrying of a firearm at one's place of business (subd. (h)), while hunting (subd. (i)), when under a reasonable belief of immediate, grave danger (subd. (j)), while engaged in the act of making or attempting to make a lawful arrest (subd. (k)), and at one's place of residence (subd. (*l*)), under specified conditions.

Such specificity in the exemptions listed in section 12031 illustrates the Legislature's careful consideration of the persons and circumstances under which the statutory prohibition is to be found inapplicable. Significantly, no exemption is provided for bail agents. Had the Legislature intended to cover bail agents, it clearly knew how to do so. (See *Safer* v. *Superior Court* (1975) 15 Cal.3d 230, 237- 238; *State Farm Mut. Auto. Ins. Co.* v. *Department of Motor Vehicles* (1997) 53 Cal.App.4th 1076, 1082; *Board of Trustees* v. *Judge* (1975) 50 Cal.App.3d 920, 927.)

However, the fact that section 12031 does not expressly exempt bail agents from its proscription does not end our inquiry. As indicated above, the statute not only exempts specified persons but also particular circumstances and activities regardless of the status of the person involved. Of significance here is subdivision (k) of section 12031, which provides:

"Nothing in this section is intended to preclude the carrying of a loaded firearm by any person while engaged in the act of making or attempting to make a lawful arrest."

In examining the language of subdivision (k) of section 12031, we do not extend its scope beyond what is specified therein by the Legislature. It does not cover bail agents per se, but bail agents may come within its exemption language depending upon their conduct. As with other persons, the nature of their acts is what determines whether the subdivision's exemption is applicable.

Accordingly, a bail agent "engaged in the act of making or attempting to make a lawful arrest" (§ 12031, subd. (k)) may carry a loaded firearm. While an analysis of what constitutes "the act of making or attempting to make a lawful arrest" is beyond the scope of this opinion, we note that this factual circumstance defines when a loaded firearm may be carried pursuant to subdivision (k) of section 12031. No other acts are authorized by this subdivision.

We conclude that a bail agent may, upon request of the surety liable for the undertaking, arrest a defendant and transport him to a court, magistrate, sheriff, or police, as directed. Although a bail agent has no explicit authority to carry a loaded firearm when performing his duties, he is not precluded from doing so in limited circumstances. Like any person who does not have a permit to carry a firearm, he may carry a loaded firearm while engaged in the act of making or attempting to make a lawful arrest of the defendant.

* * * * *

---

**Footnote No. 1**
All references hereafter are to the Penal Code unless otherwise indicated.
**Footnote No. 2**
"Bail" may also refer to the surety (sometimes also referred to as the "bondsman") or to the bail agent. (See § 1301; *People* v. *American Bankers Ins. Co.* (1991) 233 Cal.App.3d 561, 565, fn. 1; *People* v. *Amwest Surety Insurance Co.* (1980) 105 Cal.App.3d 51, 54.) In this opinion, we use the term "bail" to refer to the security posted by the surety.
**Footnote No. 3**
In *People* v. *Wooten* (1985) 168 Cal.App.3d 168, 173, the court concluded that a bail agent's vehicle was not his "place of business" for purposes of section 12026, stating in part:

". . . The clear legislative purpose of section 12025 is to prohibit the carrying around of concealed weapons. Section 12026 provides an exception for possession in one's residence or place of business. The natural meaning of the term 'place of business' is a fixed location, simply because almost all businesses are conducted in some office, store or other building. When a business is mobile, one generally says that the business is not conducted in any particular place, but in an area. Giving Penal Code section 12026 the broad meaning advocated by defendant would render it meaningless. Salesmen, truck drivers, delivery persons--in short, anyone whose business puts them in transit--could use section 12026 to justify an exemption from section 12025. The obvious result would be that even convicted felons (other than those specified) could easily set themselves up as traveling salesmen and carry a concealed weapon in their car with impunity. This would frustrate the obvious legislative purpose of section 12025. [Citation.] We are required to construe penal statutes according to the fair import of their terms, to effect their objectives and promote justice. [Citations.] . . . ."

---