Opinion
DOWDS, J.
In each of these cases the defendant was subjected to a body search after being found arguably in possession of less than one ounce of marijuana.[1] In each case a motion was made to suppress the evidence discovered as a result of such search. In People v. Soberanes the motion was denied and defendant appeals. In People v. Cook the motion was granted and the People appeal. We uphold each search, affirm the order denying the motion to suppress in Soberanes and reverse the order granting the motion to suppress in Cook.
Arrestees who are to be incarcerated may be searched to prevent the introduction of weapons and contraband into the jail facility, but when the arrest is to be disposed of by a citation, a search cannot be justified on that basis. (People v. Longwill (1975) 14 Cal.3d 943, 950-952 [123 Cal.Rptr. 297, 538 P.2d 753].) Health and Safety Code section 11357, subdivision (b) provides that a person arrested for possession of not more than one ounce of marijuana, unless he demands to be taken before a magistrate, shall be given a citation and shall not be booked. The search cannot be justified as a booking search.
Other bases for a search incident to an arrest are summarized in People v. Superior Court (Kiefer) (1970) 3 Cal.3d 807, 812-813 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559] as follows: “It is now settled that as an incident to a lawful arrest, a warrantless search limited both as to time (Preston v. United States (1964) 376 U.S. 364, 367-368 [11 L.Ed.2d 777, 780-781, 84 S.Ct. 881]) and place (Chimel v. California (1969) 395 U.S. 752, 762-763 [23 L.Ed.2d 685, 693-694, 89 S.Ct. 2034]) may be made (1) for instrumentalities used to commit the crime, the *Supp. 25 fruits of that crime, and other evidence thereof which will aid in the apprehension or conviction of the criminal; (2) for articles the possession of which is itself unlawful, such as contraband or goods known to be stolen; and (3) for weapons which can be used to assault the arresting officer or to effect an escape. (See generally Warden v. Hayden (1967) 387 U.S. 294, 300-310 [18 L.Ed.2d 782, 788-794, 87 S.Ct. 1642].)”
Not every person undergoing arrest may be searched for weapons. “[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.” (Terry v. Ohio (1968) 392 U.S. 1, 27 [20 L.Ed.2d 889, 909, 88 S.Ct. 1868].) There is no indication in the instant cases that the arresting officers harbored any such belief or that it was reasonable for them to do so. The searches cannot be justified as a search for weapons.
The People contend, however, that the search is justified either as a search for evidence of the crime or for contraband. “[T]o justify ... a search [of a person for contraband] there must ... be independent probable cause to believe that contraband is in fact secreted on his person.” (People v. Superior Court (Simon) (1972) 7 Cal.3d 186, 202 [101 Cal.Rptr. 837, 496 P.2d 1205].) In the Cook case, the defendant was walking on the ground floor of the Long Beach Arena at the time of a concert holding in his hand what appeared to be a partially smoked marijuana cigarette approximately one-half inch in length. He was observed asking his companions for a match, from which it might reasonably be inferred that he intended to smoke the remainder of the cigarette. Considering the normal duration of a concert, it was reasonable for the police officer to believe that defendant would possess on his person additional marijuana for smoking after the one-half inch cigarette was consumed. The search of Cook was justified as a search for contraband.
On the other hand, Soberanes was a passenger in the right rear seat of an automobile. A small envelope apparently containing marijuana was discovered in the middle of the back seat of the vehicle. Further search involved removing the right rear ashtray and a handrolled cigarette was found underneath such ashtray. An odor of marijuana had been noted coming from the automobile. While Soberanes might have been secreting contraband on his person, no facts were known to the officer which reasonably would give him probable cause to believe so. If in fact the marijuana found in the back seat of the automobile belonged to defendant, it would appear that he was keeping his reserve supply in *Supp. 26 the manila envelope rather than upon his person. The search of Soberanes cannot be justified as a search for contraband.
Finally, we must determine whether the search of Soberanes is justified as one “for instrumentalities used to commit the crime, the fruits of that crime, and other evidence thereof which will aid in the apprehension or conviction of the criminal. . . .” (People v. Superior Court (Kiefer), supra, 3 Cal.3d at p. 812.) It is obvious that the crime justifying the search must be one of such a nature that instrumentalities, fruits or evidence thereof may exist." Thus this justification may not be used for a search incident to an ordinary traffic violation (People v. Superior Court (Simon), supra, 7 Cal.3d 186), breach of an ordinance against having open campfires (People v. Brisendine (1975) 13 Cal.3d 528 [119 Cal.Rptr. 315, 531 P.2d 1099]) or for public intoxication by liquor (People v. Longwill (1975) 14 Cal.3d 943 [123 Cal.Rptr. 297, 538 P.2d 753]). On the other hand, a search for contraband or evidence or instrumentalities of the crime was upheld in People v. Knutson (1976) 60 Cal.App.3d 856 [131 Cal.Rptr. 846] in Tespect of one arrested on probable cause for being under the influence of a controlled drug. The Knutson court distinguished the cases involving noninstrumentality crimes as follows (60 Cal.App.3d at pp. 866-867): “. . . Longwill dealt only with the first concern of [Penal Code] section 647, subdivision (f), public intoxication. In such a case it may not reasonably be inferred that a search will disclose ‘contraband,’ or ‘evidence’ of the offense, or its ‘fruits,’ or the ‘instrumentalities’ used in its commission. Enlightened reason demands, with respect to searches, that such a subject be treated the same as the ordinary ‘traffic’ violator of People v. Superior Court (Simon), supra, 7 Cal.3d 186, or the ‘illegal campfire’ offender of People v. Brisendine, supra, 13 Cal.3d 528. This Longwill did.
“Different considerations attended the arrest in the case at bench. From the facts apparent to the officer he had probable cause to believe that Knutson possessed ‘contraband,’ ‘evidence’ of his offense, and the ‘instrumentalities’ of its commission. (See People v. Blatt, supra, 23 Cal.App.3d 148, 152 [99 Cal.Rptr. 855]; People v. Superior Court (Johnson), 22 Cal.App.3d 227, 230-231 [99 Cal.Rptr. 338]; People v. Munsey, 18 Cal.App.3d 440, 447-448 [95 Cal.Rptr. 811]; People v. Woods, 139 Cal.App.2d 515, 524-525 [293 P.2d 901] [cert. den., 352 U.S. 1006 (1 L.Ed.2d 550, 77 S.Ct. 566)].) Without a search there existed a probability that the substancé would be disposed of in some manner (see People v. Brown, 14 Cal.App.3d 507, 510-511 [92 Cal.Rptr. 473]), or worse, that the unfortunate possessor, in the ‘high’ state he had brought upon himself, *Supp. 27 might ingest the drugs remaining upon his person. And unlike the usual person arrested for public intoxication there was far less probability that Knutson would be released without jail or other incarceration.
“We find nothing in Longwill, or elsewhere in the law, which indicates that one arrested on probable cause to believe him to .be under the influence of a controlled proscribed drug, under the conditions of Penal Code section 647, subdivision (f), may not be subjected to a search as defined by People v. Superior Court (Kiefer), supra, 3 Cal.3d 807, 812-813.” (Fn. omitted.) It is true that the investigation of Soberanes related to possession of marijuana, not public intoxication.[2] Possession of additional marijuana or implements for smoking marijuana would have been relevant evidence that Soberanes was in possession of the marijuana found in the car and was not merely a passenger in a vehicle containing items possessed by others. A contention can be made, however, that the crime proscribed by Health and Safety Code section 11357 subdivision (b), possession of not more than one ounce of marijuana, was complete when the packet containing less than an ounce was found and that there was no more evidence to search for. As noted above, however, the presence of other contraband or implements for the use of it would “aid in the . . . conviction of the criminal.” (People v. Superior Court (Kiefer), supra, 3 Cal.3d at p. 812.) Moreover, we have grave doubts that subdivision (b) of Health and Safety Code section 11357 (possession of not more than one ounce of marijuana) should be considered a separate crime from subdivision (c) of that section (possession of more than one ounce). The evil aimed at is the possession of marijuana; the two subdivisions provide for different punishments and treatment of offenders based upon the quantity involved. Perhaps, though, this is a bootless inquiry. The Fourth Amendment and California Constitution, article I, section 13 only prohibit unreasonable searches. We do not think it unreasonable or an undue invasion of personal liberty for one reasonably believed to be in possession of marijuana to be subjected to a search to determine whether the quantity he possesses is less than one ounce or a larger quantity.
Cook’s contention that the trial court’s determination must be upheld as supported by substantial evidence is unavailing. The evidence as to the officer’s expertise in recognizing marijuana and Cook’s holding the cigarette in his hand was uncontradicted. The application of the uncontested facts to the constitutional standard is a questibn of law which *Supp. 28 we must resolve. (People v. Manning (1973) 33 Cal.App.3d 586, 602 [109 Cal.Rptr. 531].)
The order granting defendant’s motion to suppress evidence in People v. Cook is reversed. The order denying defendant’s motion in People v. Soberanes is affirmed.
Cole, P. J., concurred.

 In the Cook case, defendant was arrested in an auditorium holding what appeared to be a marijuana cigarette in his hand, asking those around him for a match. In the Soberanes case, a one and one-half inch by two-inch manila envelope containing a green, leafy substance and a handrolled cigarette containing a substance resembling marijuana were found in an automobile in which defendant was a passenger.

 In his opening brief, Soberanes conceded the police officer had probable cause to arrest him for violating Health and Safety Code section 11357, subdivision (b).