[Crim. No. 13094. Fourth Dist., Div. One. Oct. 26, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM RAY BROCKS, Defendant and Appellant.

COUNSEL

George Emerson Booth for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, and Keith I. Motley, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**COLOGNE, Acting P. J.**—William Ray Brocks appeals a judgment of conviction of possessing concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)) based on his negotiated guilty plea following the court's denial of his motion to suppress evidence. We conclude the warrantless search of Brocks' closed coin purse incident to his arrest for possessing less than an ounce of marijuana (Health & Saf. Code, § 11357, subd. (b)), a citable offense under Penal Code section 853.6, was lawful, and accordingly affirm the judgment.

Police Officers Gener and Bojorquez entered the ABC Club in San Diego, known to Gener for its narcotics activity. Gener saw Brocks holding a clip with a partially smoked marijuana cigarette (roach). He saw Brocks place the clip and roach into his left shirt pocket. Smelling a strong odor of burnt marijuana, Gener placed Brocks under arrest for possession of less than an ounce of marijuana (Health & Saf. Code, § 11357, subd. (b)), reached into his left shirt pocket and recovered the roach, the clip and a change purse. The purse was light in weight and bulging on the sides; the zipper was closed. Brocks said, "Oh, shit." The officer opened the purse, found 41 rolled marijuana cigarettes, placed Brocks under arrest for possession of marijuana for sale (Health & Saf. Code, § 11359), and *Mirandized* him (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]). Brocks

agreed to a search of his hotel room which uncovered 95 marijuana cigarettes. After Brocks' Penal Code section 1538.5 motion to suppress was denied, he entered a guilty plea to the lesser offense of possessing concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)). A second count of violating Health and Safety Code section 11357, subdivision (c), possession of more than one ounce of marijuana, was dismissed. This appeal followed.

The factual findings of a trial court in an appeal from a Penal Code section 1538.5 proceeding must be sustained where there is substantial evidence to support the rulings (*People* v. *Leyba* (1981) 29 Cal.3d 591, 596-597 [174 Cal.Rptr. 867, 629 P.2d 961]). However, we are required to exercise our independent judgment in measuring the facts, as found by the trier, against the constitutional standard of reasonableness of the search (*id.* at p. 597).

Brocks does not suggest any impropriety with Officer Gener's actions in removing the roach and clip from his shirt pocket. He concedes this warrantless search for contraband, reasonable in scope, was proper as an incident to his lawful arrest. (See *People* v. *Superior Court* (*Simon*) (1972) 7 Cal.3d 186, 201 [101 Cal.Rptr. 837, 496 P.2d 1205]; *People* v. *Superior Court* (*Kiefer*) (1970) 3 Cal.3d 807, 812-813 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559].) ■ Brocks directs his constitutional attack to the opening of his purse and the seizure of the marijuana cigarettes. The People respond by saying this search was also valid as incident to Brocks' arrest.

■ A warrantless search, limited both as to time and place, may be made (1) for instrumentalities of the crime, its fruits, and other evidence which will aid in the apprehension or conviction of the criminal; (2) for articles of contraband the possession of which is unlawful, such as controlled substances or goods known to be stolen; and (3) for weapons which can be used to assault the arresting officer or to effect an escape (*People* v. *Superior Court* (*Kiefer*) *supra*, 3 Cal.3d 807, 812-813). Except where there is a basis to search for weapons or probable cause for believing the offender carries evidence, fruits or instrumentalities of the offense, a full body search is impermissible when the arrest will be disposed of by a traffic citation (*People* v. *Superior Court* (*Simon*), *supra*, 7 Cal.3d 186, 202-203). Potential harm to the officer will justify a limited weapons search, but a full booking search may not be conducted on an arrestee who will never be subjected to that process (*People* v. *Longwill* (1975) 14 Cal.3d 943, 950 [123 Cal.Rptr. 297, 538

P.2d 753]). Because Gener testified he was positive the purse did not hold a weapon, the search here must be justified as a search for fruits which will aid in the conviction of the criminal or for articles of contraband pursuant to either category (1) or (2) above as stated in the *Kiefer* case, *supra.*

In addressing this issue, we focus on a fundamental aspect of the Fourth Amendment—the reasonableness of this search. It requires no perspicacious intellect to reason the person smoking one marijuana cigarette may well want another and will carry sufficient marijuana to satisfy his appetite of the moment. This fundamental observation, previously made by another court faced with this similar issue, is only common sense. In *People v. Soberanes* (1979) 97 Cal.App.3d Supp. 21 [159 Cal.Rptr. 155], the appellate department of the superior court said: "We do not think it unreasonable or an undue invasion of personal liberty for one reasonably believed to be in possession of marijuana to be subjected to a search to determine whether the quantity he possesses is less than one ounce or a larger quantity." (*Id.* at p. 27.) And, as in Brocks' case, in *People v. Knutson* (1976) 60 Cal.App.3d 856 [131 Cal.Rptr. 846], the court noted that "[f]rom the facts apparent to the officer he had probable cause to believe that Knutson possessed 'contraband,' 'evidence' of his offense, and the 'instrumentalities' of its commission. [Citations.]" [And] "[w]ithout a search there existed a probability that the substance would be disposed of in some manner [citation]," (*id.* at p. 867). Knowledge of the total quantity of contraband was necessary for the officer to determine whether this was merely a citable offense or something greater. Such knowledge served to aid in the "conviction of the criminal" (*People v. Superior Court (Kiefer)*, *supra*, 3 Cal.3d 807, 812). Clearly there was probable cause to believe Brocks possessed more contraband in the pocket in which he had disposed of his roach and clip. The search was reasonable.

The fact here that the officers conducted a search of Brocks' person and obtained from him a purse which then came into the exclusive control of the officer does not alter our decision. In cases of arrests for most forms of offenses, search of the person incident to a lawful arrest, limited in intensity and scope, is reasonable (*Chimel v. California* (1969) 395 U.S. 752, 763 [23 L.Ed.2d 685, 694, 89 S.Ct. 2034, 2040]; and see *People v. Brisendine* (1975) 13 Cal.3d 528, 538-539 [119 Cal. Rptr. 315, 531 P.2d 1099]). "The generally accepted 'search incident to arrest' rule has been interpreted to include a . . . purse as a normal extension of the person subject to search as an item 'customarily carried

by an arrested person ... [and] within the area of her immediate control.' [Citations.] The *Belvin* [*People* v. *Belvin* (1969) 275 Cal.App.2d 955, 958 (80 Cal.Rptr. 382)] court reasoned that an arrestee's personal articles such as a purse, wallet or coat actually in use—though not necessarily on his person—at the moment of arrest '... serve as possible sources of concealed weapons and of evidentiary items ... [and] normally accompany the arrested person on his removal to some other place. Their search thus serves the dual function of security and of legitimate investigation. We conclude that defendant's purse, apparently in use by her at the time of her arrest, legally amounted to an extension of her person and could be searched on her arrest. . . .' Thus, under the 'extension of the person' doctrine formulated in *Belvin*, the instant search is justified as incident to a lawful custodial arrest." (*People* v. *Flores* (1979) 100 Cal.App.3d 221, at p. 230 [160 Cal.Rptr. 839].)

Carving out a straightforward rule, easily applied and with predictable results, the United States Supreme Court in *New York* v. *Belton* (1981) 453 U.S. 454, 459-462 [69 L.Ed.2d 768, 774-776, 101 S.Ct. 2860, 2863-2864] holds that incident to a lawful custodial arrest of the occupant of an automobile, the police may conduct a warrantless search of the contents of any containers found within the passenger compartment, including such things as pockets of clothing and luggage, as such containers and their contents are like the passenger compartment itself, within the offender's reach. Such a search is reasonable and, while it is based upon the need to disarm and to discover evidence, no further justification for the search than the lawful custodial arrest is required. (See also *United States* v. *Robinson* (1973) 414 U.S. 218, 235 [38 L.Ed.2d 427, 440, 94 S.Ct. 467, 477] upholding search of crumpled cigarette package found in pocket of coat defendant wore.)

Brocks' arrest is a custodial arrest since the offense is defined as a misdemeanor and contemplates an "arrest" and "booking" except in the special circumstances where the person is able to give satisfactory evidence of identity and agrees to appear voluntarily in court without demanding to be taken before a magistrate (Health & Saf. Code, § 11357).[1] It differs substantially from the ordinary traffic citation of-

---

[1]Health and Safety Code section 11357 reads: "(a) Except as authorized by law, every person who possesses any concentrated cannabis shall be punished by imprisonment in the county jail for a period of not more than one year or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment, or shall be punished by imprisonment in the state prison.

"(b) Except as authorized by law, every person who possesses not more than one avoirdupois ounce of marijuana, other than concentrated cannabis, is guilty of a misde-

fense which is an "infraction" giving rise to no justification for a search for "contraband," "evidence" of the offense, its "fruits" or the "instrumentalities" used in its commission (see *People* v. *Superior Court* (*Simon*), *supra*, 7 Cal.3d 186; and see *People* v. *Knutson, supra*, 60 Cal.App.3d 856, 866-867). The search of the closed change purse found in Brocks' pocket, which Gener reasonably believed contained marijuana, was proper. Considering the realities facing the officer at the moment of his encounter with Brocks and the need for a certain rule in this area, there is no satisfactory reason to impose a "higher" search and seizure standard than is provided under the federal Constitution (cf. *People* v. *Brisendine, supra*, 13 Cal.3d 528, 548-552).

Because the search of the purse was proper, Brocks' contention pertaining to the later search of his hotel room must fall.

Judgment affirmed.

Staniforth, J., concurred.

WIENER, J.—I concur in the result with the understanding that it is limited to situations involving a search incident to an arrest for a contraband-type offense (cf. *People* v. *Superior Court* (*Simon*) (1972) 7 Cal.3d 186, 201-202 [101 Cal.Rptr. 837, 496 P.2d 1205]) which may be disposed of by a mere citation but which, by its very nature, gives the arresting officer reason to believe that additional contraband may

---

meanor and shall be punished by a fine of not more than one hundred dollars ($100). Notwithstanding other provisions of law, if such person has been previously convicted three or more times of an offense described in this subdivision during the two-year period immediately preceding the date of commission of the violation to be charged, the previous convictions shall also be charged in the accusatory pleading and, if found to be true by the jury upon a jury trial or by the court upon a court trial or if admitted by the person, the provisions of Sections 1000.1 and 1000.2 of the Penal Code shall be applicable to him, and the court shall divert and refer him for education, treatment, or rehabilitation, without a court hearing or determination or the concurrence of the district attorney, to an appropriate community program which will accept him. If the person is so diverted and referred he shall not be subject to the fine specified in this subdivision. If no community program will accept him, the person shall be subject to the fine specified in this subdivision. In any case in which a person is arrested for a violation of this subdivision and does not demand to be taken before a magistrate, such person shall be released by the arresting officer upon presentation of satisfactory evidence of identity and giving his written promise to appear in court, as provided in Section 853.6 of the Penal Code, and shall not be subjected to booking.

 "(c) Except as authorized by law, every person who possesses more than one avoirdupois ounce of marijuana, other than concentrated cannabis, shall be punished by imprisonment in the county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment."

be in the defendant's possession, the discovery of which would make citation disposition inappropriate. Under such circumstances, the inherent reasonableness of this limited intrusion, coupled with the practical problems involved in detaining the arrestee pending the obtaining of a search warrant, justifies the exception to the warrant requirement.