[No. A049908. First Dist., Div. One. Apr. 15, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL COLEMAN, Defendant and Appellant.

COUNSEL

Robert Fiedler, under appointment of the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STEIN, J.**—Following the denial of his motion to suppress evidence (Pen. Code, §§ 995, 1538.5), Michael Coleman pled guilty to charges of possession of cocaine for sale (Health & Saf. Code, § 11351.5). He appeals from the judgment entered on his plea, suspending sentence and placing him on three years' probation on condition he serve one hundred twenty days in the county jail.

FACTS

Police Officers Wright and Yee, driving a patrol car during the early morning hours of January 18, 1990, were informed that the police had received an anonymous tip that persons were selling drugs out of a red Nissan at the intersection of Randolph and Bright Streets in San Francisco. The officers drove to that intersection and there saw a red car surrounded by a number of people. Coleman was the driver of the car. The officers made a U-turn and Coleman drove away. When he failed to stop at a stop sign, the officers effected a traffic stop. Officer Wright asked Coleman for his driver's license and registration and at that time saw a partially smoked, hand-rolled cigarette on the console between the driver's and passenger's seats. Officer Wright had Coleman get out of the car and placed Coleman under arrest for possession of marijuana. Coleman was handcuffed. Officer Yee noticed that a small plastic bag was sticking out of Coleman's pants. He

pat-searched Coleman and felt what he believed to be rock cocaine in a bag. He pulled the bag—which in fact turned out to be a number of bags—from Coleman's waistband and saw in it a substance which appeared to him to be rock cocaine. Coleman had produced his driver's license, but the officers could not recall at what point the license was produced.

It was stipulated that the substance in the plastic bags was indeed cocaine and that the quantity of cocaine was consistent with its possession for sale.

## DISCUSSION

## I.

### *Coleman's Failure to Assert in the Trial Court the Officers' Lack of Probable Cause to Arrest Him Precludes Raising This Issue on Appeal*

In the trial court Coleman moved to suppress on the grounds that the traffic stop was a pretext and that the search of his person was not incident to a custodial arrest. ■  On appeal he seeks to raise a new argument: that the record lacks evidence establishing probable cause to arrest him for possession of marijuana because the only supporting fact is Officer Wright's observation of a partially smoked, hand-rolled cigarette on the car's console. Coleman complains that Officer Wright gave no testimony as to his experience with marijuana, that there was no evidence that Coleman drove erratically, or that Officer Wright either saw or smelled marijuana. (See, e.g., *Thomas* v. *Superior Court* (1972) 22 Cal.App.3d 972, 976-980 [99 Cal.Rptr. 647].)

The lack of such evidence results from the fact that the argument was not raised in the trial court, and thus there was no need for the prosecution to adduce it. Coleman's failure to raise in the trial court the issue of the legality of his arrest precludes him from raising it here. (*People* v. *Eckstrom* (1986) 187 Cal.App.3d 323, 332 [231 Cal.Rptr. 664]; and see, also, *People* v. *Rogers* (1978) 21 Cal.3d 542, 547-548 [146 Cal.Rptr. 732, 579 P.2d 1048].)

Coleman relies on *Wilder* v. *Superior Court* (1979) 92 Cal.App.3d 90 [154 Cal.Rptr. 494], *People* v. *Sedillo* (1982) 135 Cal.App.3d 616 [185 Cal.Rptr. 475], and *People* v. *Britton* (1984) 156 Cal.App.3d 689 [202 Cal.Rptr. 882], all decided by the Fifth District, for the proposition that in moving to suppress, a defendant is entitled to file an initial pleading stating nothing more than that the evidence was recovered in a warrantless search. Noting that the burden of proving the validity of a warrantless search rests on the prosecution (*Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, 272 [294 P.2d 23]), these cases reason that where a defendant has filed such a generalized

pleading the prosecution is required to adduce sufficient evidence to justify its search; i.e., it is up to the prosecution to detect and overcome any weaknesses in its case. If the prosecution fails to state a complete theory of justification, or if it fails to adduce sufficient evidence to support that theory, the defendant need do no more. "The trap has been laid; it snaps shut when [the prosecution] fails to justify the seizure." (*Wilder* v. *Superior Court, supra*, 92 Cal.App.3d at p. 97.) On appeal, the defendant would, of course, always be entitled to argue that the prosecution failed to meet its burden.

The basic flaw in this reasoning was expressed recently in *People* v. *Hallman* (1989) 215 Cal.App.3d 1330 [264 Cal.Rptr. 215], which found that the Fifth District had confused the burden of proof with the normal pleading requirements imposed on any moving party; i.e., although the prosecution has the burden to justify a warrantless search on such grounds as are raised by the defendant, the defendant, as the moving party, has the burden of stating those grounds.[1] The procedure outlined in *Wilder* creates a trap for both the prosecution and the trial court. "[I]ts vice lies not only in the fact it allows a defendant to file motions to suppress evidence containing no specific information as to the theories of suppression, but in the fact it requires the prosecutor to canvass the entire area of search and seizure law and to raise all conceivable issues [citation] or permit the defendant to raise the undetected issue for the first time on appeal." (*People* v. *Hallman, supra*, 215 Cal.App.3d at p. 1339.) We find the reasoning of the court in *Hallman* persuasive and, like it, decline to follow that of *Wilder* and its progeny.

## II.

### *The Police Did Not Exceed the Permissible Scope of the Search of Coleman's Person*

There is no question but that the scope of the search of Coleman's person, which uncovered the rock cocaine, was permissible if the search was incident to a custodial arrest. (*United States* v. *Robinson* (1973) 414 U.S. 218, 235 [38 L.Ed.2d 427, 440-441, 94 S.Ct. 467]; *New York* v. *Belton* (1981) 453 U.S. 454, 460-461 [69 L.Ed.2d 768, 774-776, 101 S.Ct. 2860].) Coleman, however, was arrested for possession of a small amount of

---

[1] "The court in *Wilder* overlooked the fact that while *Badillo* does require the prosecution to bear the burden of proving the justification for a warrantless search, it also requires the defendant bear the burden of showing that the police officers acted unlawfully. (*Badillo* v. *Superior Court, supra*, 46 Cal.2d 269, 272.) It also disregarded the fact *Badillo* does not address the pleading requirement that the moving party in a motion to suppress evidence must articulate the reasons why he or she is seeking to suppress that evidence." (*People* v. *Hallman, supra*, 215 Cal.App.3d at p. 1339.)

marijuana, an offense which would have permitted him to be taken into custody only if he had failed to present satisfactory evidence of his identity.[2]

Since Coleman produced his driver's license, he could not have been taken into custody simply for possession of the marijuana. It does not, however, follow that the search was improper. ■ "It is now settled that as an incident to a lawful arrest, a warrantless search limited both as to time (*Preston* v. *United States* (1964) 376 U.S. 364, 367-368 [11 L.Ed.2d 777, 780-781, 84 S.Ct. 881]) and place (*Chimel* v. *California* (1969) 395 U.S. 752, 762-763 [23 L.Ed.2d 685, 693-694, 89 S.Ct. 2034]) may be made (1) for instrumentalities used to commit the crime, the fruits of that crime, and other evidence thereof which will aid in the apprehension or conviction of the criminal; (2) for articles the possession of which is itself unlawful, such as contraband or goods known to be stolen; and (3) for weapons which can be used to assault the arresting officer or to effect an escape. (See generally *Warden* v. *Hayden* (1967) 387 U.S. 294, 300-310 [18 L.Ed.2d 782, 788-794, 87 S.Ct. 1642].)" (*People* v. *Superior Court* (*Kiefer*) 3 Cal.3d 807, 812-813 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559].) This type of limited search does not depend upon the custodial nature of the arrest; rather its scope is limited by the reasonable expectations of the officers that instrumentalities or contraband will be discovered, or that the suspect is in fact armed. (*Id.* at pp. 812-817.) ■ Thus, for example, it has been held that because ordinarily there is no reason to believe that a vehicle is carrying contraband, "[a] search for contraband is reasonable when conducted incident to a traffic violation only when the arresting officer observes *some occurrence other than the traffic offense itself* which reasonably leads the officer to believe that the motorist possesses contraband. . . . In the absence of *some fact* from which the officer can reasonably draw the belief that the motorist possesses contraband, a search for such articles is unreasonable." (*Id.* at p. 816, internal quotation marks omitted; and see *People* v. *Superior Court* (*Simon*) (1972) 7 Cal.3d 186, 201-204 [101 Cal.Rptr. 837, 496 P.2d 1205], applying the same reasoning in connection with the search of a person.)

Here, the officers had reason to suspect that Coleman might have contraband on his person. They had received a tip that someone was dealing drugs out of a car of the same description and located at the same place as Coleman's. Coleman drove away, and through a stop sign, as soon as it

---

[2] Thus, Health and Safety Code section 11357 provides:

"(b) Except as authorized by law, every person who possesses not more than 28.5 grams of marijuana, other than concentrated cannabis, is guilty of a misdemeanor . . . In any case in which a person is arrested for a violation of this subdivision and does not demand to be taken before a magistrate, such person shall be released by the arresting officer upon presentation of satisfactory evidence of identity and giving his written promise to appear in court."

became evident that the police were interested in him. The officers observed a partially smoked marijuana cigarette in the car with Coleman and the end of a plastic bag sticking out of his waistband. Under the circumstances, the police officers had cause to believe that Coleman carried contraband on his person and were entitled to conduct a limited search for the purposes of uncovering that contraband.

This reasoning was followed by the court in *People* v. *Brocks* (1981) 124 Cal.App.3d 959 [177 Cal.Rptr. 730] under less compelling circumstances. There, the court upheld the search of a change purse recovered from the defendant's pocket after police officers saw the defendant put a partially smoked marijuana cigarette (roach) and a roach clip into the pocket. "In addressing this issue, we focus on a fundamental aspect of the Fourth Amendment—the reasonableness of this search. It requires no perspicacious intellect to reason the person smoking one marijuana cigarette may well want another and will carry sufficient marijuana to satisfy his appetite of the moment. This fundamental observation, previously made by another court faced with this similar issue, is only common sense. In *People* v. *Soberanes* (1979) 97 Cal.App.3d Supp. 21 [159 Cal.Rptr. 155], the appellate department of the superior court said: 'We do not think it unreasonable or an undue invasion of personal liberty for one reasonably believed to be in possession of marijuana to be subjected to a search to determine whether the quantity he possesses is less than one ounce or a larger quantity.' (*Id*. at p. Supp. 27.) And, as in Brocks' case, in *People* v. *Knutson* (1976) 60 Cal.App.3d 856 [131 Cal.Rptr. 846], the court noted that '[f]rom the facts apparent to the officer he had probable cause to believe that Knutson possessed "contraband," "evidence" of his offense and the "instrumentalities" of its commission. [Citations.]' [And] '[w]ithout a search there existed a probability that the substance would be disposed of in some manner [citation],' (*id*. at p. 867). Knowledge of the total quantity of contraband was necessary for the officer to determine whether this was merely a citable offense or something greater. Such knowledge served to aid in the 'conviction of the criminal' (*People* v. *Superior Court (Kiefer)*, *supra*, 3 Cal.3d 807, 812). Clearly there was probable cause to believe Brocks possessed more contraband in the pocket in which he had disposed of his roach and clip. The search was reasonable." (*People* v. *Brocks*, *supra*, 124 Cal.App.3d at p. 963.)

Coleman argues that *Brocks* was wrongly decided. The argument is based on the further holding in *Brocks* that his arrest—for violation of Health and Safety Code section 11357—was custodial "since the offense is defined as a misdemeanor and contemplates an 'arrest' and 'booking' except in the special circumstances where the person is able to give satisfactory evidence of identity and agrees to appear voluntarily in court without demanding to be taken before a magistrate." (*People* v. *Brocks*, *supra*, 124 Cal.App.3d at

p. 964.) The actual holding of *Brocks*, however, does not rest on the question of whether the arrest was or was not custodial but on whether, under the circumstances, the search exceeded the scope reasonably necessary for the discovery of instrumentalities, contraband or weapons—a scope which, as explained above, does not depend upon the custodial nature of the arrest. We need not and do not here determine if an arrest for a Health and Safety Code section 11357 violation is in fact custodial.

CONCLUSION

The motion to suppress properly was denied. The judgment is affirmed.

Newsom, Acting P. J., and Dossee, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 10, 1991.