Filed 1/11/21  In re Jesus R. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re JESUS R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JESUS R.,<br><br>Defendant and Respondent. | F080442<br><br>(Super. Ct. No. JJD071730)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Robin L. Wolfe, Judge.

Tim Ward, District Attorney, Dan Underwood, Chief Deputy District Attorney, Dave Alavezos, Assistant District Attorney, Jessica Weatherly and Adam Clare, Deputy District Attorneys, for Plaintiff and Appellant.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Respondent.

-ooOoo-

---

[*]      Before Franson, Acting P.J., Meehan, J. and Snauffer, J.

The People appeal from an order dismissing a juvenile wardship petition (Welf. & Inst. Code, § 602)[1] involving minor Jesus R. following the grant of minor's motion to suppress evidence (§ 700.1).

We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On June 10, 2019, the People filed a juvenile wardship petition pursuant to section 602, alleging that minor violated Penal Code section 626.10, subdivision (a), by possessing a weapon on school grounds. On July 31, 2019, minor filed a motion to suppress evidence pursuant to section 700.1. On October 15, 2019, the court held a hearing on the motion.

At the hearing, Detective Maria Aguilar[2] of the Porterville Police Department testified that she was working as a school resource officer on February 1, 2019, at approximately 9:30 a.m., when she responded to Vine Street Community Day School for a report of a juvenile in possession of marijuana. Once there, the principal told Aguilar that three students, one of whom was minor, smelled strongly of marijuana. Aguilar entered the classroom where the three students were located. Other students also were present. Aguilar smelled a strong odor of marijuana.

Aguilar asked minor to step outside into the yard, and advised him that he was not arrested or detained, but that she was trying to figure out who was smoking marijuana before school. Aguilar testified that she conducted a patdown search of minor for "his safety and [hers]." Aguilar did not ask minor any questions before she patted him down. During the search, Aguilar felt something hard, approximately three inches in length by one to one and a half inches in width, and believed it to be a pocketknife. She located a

---

[1]    Subsequent statutory references are to the Welfare and Institutions Code, unless otherwise noted.

[2]    The crime report and notice to appear list the responding officer as "M. Aguillon." However, at the hearing she gave her last name as Aguilar. We refer to her as Aguilar.

folding blade in the right front pocket of his shorts. She did not locate any marijuana on minor. She placed him under arrest.

At the hearing, Aguilar could not recall whether she observed any signs or symptoms indicating minor was under the influence of marijuana, and acknowledged that she did not note any such signs or symptoms in her report. She did, however, note in her report that minor smelled of marijuana. She confirmed that she smelled marijuana on minor "when [she] arrived that morning."

The court asked Aguilar to explain why she felt she needed to conduct a patdown search, and she responded as follows:

> "I worked schools for at least a year and a half. I've taken numerous knives from juveniles from elementary school, fourth grade -- I believe that was the youngest -- to numerous in high school. I will say that numerous times that whenever I collect marijuana, when a child is in possession of marijuana, about a third of those students will also have a knife, which led me to believe that they had a strong odor of marijuana then I need to protect them and myself just in case they do have one."

The court asked whether there was anything in particular about minor that caused her concern, and she responded that there was not.

The court granted the defense motion on the ground that Aguilar testified she routinely conducts patdown searches as a matter of common practice or procedure for her safety and the safety of the minor, but she did not articulate any specific facts to believe minor was armed and dangerous.

In light of the suppression motion being granted, defense counsel asked that the case be dismissed, and the People also invited the court to dismiss. The court accordingly dismissed the petition for insufficient evidence.

## DISCUSSION

The People contend the juvenile court erred by considering Aguilar's subjective reason for conducting the patdown search, i.e., her suspicion that minor possessed a weapon. The People argue the search instead was supported by reasonable suspicion

3.

because minor smelled of marijuana. Minor asserts the People did not argue this theory below and, in any event, the smell of marijuana did not provide reasonable suspicion to search minor for marijuana. For the reasons set forth below, we conclude the motion to suppress was properly granted.

### A. Applicable Law

Determining the reasonableness of a search of a student is a two-fold inquiry: (1) whether the search was justified at its inception, and (2) whether the scope of the search, as actually conducted, was reasonably related to the circumstances that justified the initial search. (*New Jersey v. T.L.O.* (1985) 469 U.S. 325, 341.) Under both the United States Constitution and the California Constitution, a search of a student by school officials is warranted at its inception "when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school." (*T.L.O.*, at p. 342; accord, *In re William G.* (1985) 40 Cal.3d 550, 564.) "[T]his standard requires articulable facts, together with rational inferences from those facts, warranting an objectively reasonable suspicion that the student or students to be searched are violating or have violated a rule, regulation, or statute." (*William G.*, at p. 564.)

In reviewing a motion to suppress, we defer to the trial court's factual findings if they are supported by substantial evidence, but consider questions of law independently. (*People v. Alvarez* (1996) 14 Cal.4th 155, 182.) Whether an officer subjectively believed that a person was involved in criminal activity is a question of fact, subject to the substantial evidence test. (*People v. Leyba* (1981) 29 Cal.3d 591, 597–598.) Whether it was objectively reasonable for the officer to entertain that suspicion is a question of law, reviewed de novo. (*Ibid.*) These same standards of review apply to juvenile cases. (*In re Lisa G.* (2004) 125 Cal.App.4th 801, 805 (*Lisa G.*); *In re Joseph G.* (1995) 32 Cal.App.4th 1735, 1738–1739.)

### B. Analysis

Aguilar testified that her search of minor was not based on individualized suspicion, but rather her common practice and procedure, "just in case" minor possessed a knife. The juvenile court found Aguilar did not conduct the search based on any specific, articulable facts concerning minor. The People do not dispute this finding which, in any event, is supported by substantial evidence. (*Lisa G.*, *supra*, 125 Cal.App.4th at p. 805 ["When reviewing a ruling on a motion to suppress evidence, we first determine whether the trial court's factual findings, express or implied, are supported by substantial evidence."].) The trial court did not err in concluding the search was not justified on this basis.

The People contend the juvenile court should have considered whether the search was justified on another basis, not articulated by Aguilar: the fact that minor smelled of marijuana. However, Aguilar did not express suspicion that a search of minor would reveal marijuana or other related contraband. (*Lisa G.*, *supra*, 125 Cal.App.4th at p. 807 ["A correlation between the wrongful behavior of the student and the intended findings of the search is essential for a valid search of the student under the Fourth Amendment."].) The People bear the burden "of proving that [a] warrantless search or seizure was reasonable under the circumstances" (*People v. Williams* (1999) 20 Cal.4th 119, 130); accord, *People v. Johnson* (2006) 38 Cal.4th 717, 723), and the law enforcement personnel who decided to proceed with a warrantless search "are in the best position to know what justification, if any, they had for doing so" (*Williams*, at pp. 129–130; *Johnson*, at p. 723). Here, the trial court properly relied on Aguilar's proffered justification for the search in determining the search was unreasonable.

The People also contend Aguilar's subjective reasons for conducting the search were irrelevant. However, the cases relied on by the People in support of this proposition are inapposite. (See *People v. Logsdon* (2008) 164 Cal.App.4th 741, 744–745; *People v. Miranda* (1993) 17 Cal.App.4th 917, 925; *People v. Uribe* (1993) 12 Cal.App.4th 1432,

1436.)  Each of these cases considered whether a traffic stop by an officer constituted a lawful detention.  (*Miranda*, at pp. 922–926; *Logsdon*, at pp. 744–745; *Uribe*, at pp. 1436–1439.)  In *Miranda* and *Uribe*, it was conceded that the officer had at least reasonable suspicion that the driver had violated the Vehicle Code, but it was alleged the Vehicle Code violation provided merely pretextual cause for the officer to search for evidence of some other crime.[3]  (*Miranda*, at p. 922; *Uribe*, at p. 1436.)  In that context, the court held that "the subjective motivation of an arresting officer is irrelevant in determining the propriety of a traffic stop."  (*Miranda*, at p. 925; accord, *Uribe*, at p. 1436.)  In other words, these cases stand for the proposition that a detention supported by reasonable suspicion is not rendered invalid merely because the officer may have had another, pretextual motive for the search.  The cases do not hold that a trial court may, let alone must, find a search justified on a basis not articulated by the officer.

Ultimately, the People did not rely below on the argument that the search was justified by suspicion that it would reveal evidence of marijuana use.  In their written opposition to the motion to suppress, the People presented three, briefly stated arguments: (1) the smell of marijuana raised a reasonable suspicion that minor had used marijuana recently;[4] (2) the search was permissible under *Terry v. Ohio* (1968) 392 U.S. 1, which imposes a more exacting standard than that applicable to searches by school officials; and (3) minor was on probation and subject to a warrantless search condition.[5]  In their oral argument to the court, the People argued primarily that the search was permissible under *Terry* because Aguilar suspected minor had a weapon.  The People concluded by citing

---

[3]    *Logsdon* merely quotes from *Miranda*, and does not add to the analysis.  (*People v. Logsdon*, *supra*, 164 Cal.App.4th at p. 745.)

[4]    Again, however, the People did not specifically argue that the officer had "reasonable grounds for suspecting that the search [would] turn up evidence" of marijuana use.  (*New Jersey v. T.L.O.*, *supra*, 469 U.S. at p. 342.)

[5]    The People do not argue on appeal that the search was permissible because minor was on probation, and we therefore do not consider this contention.

*People v. Marshall* (1968) 69 Cal.2d 51, overruled on another ground by *Guidi v. Superior Court* (1973) 10 Cal.3d 1, 17, fn. 18, and stating, "And there is similar case law in—out of California, specifically regarding the odor of marijuana being enough to make a search, you know, reasonable and … there's many more, but I won't take up the Court's time citing everything."

Based on the foregoing, the People cannot now argue that the court's focus on Aguilar's suspicion that minor had a weapon was misplaced. That was the theory advanced by the People and the court necessarily disposed of it. Had Aguilar asserted that she believed a search of minor would reveal marijuana or other related contraband, or had the People coherently raised such an argument, the court would have been compelled to consider it and to make factual findings regarding whether that belief was a credible explanation for Aguilar's action, and then to determine whether the search was justified on that basis. (*People v. Leyba*, *supra*, 29 Cal.3d at p. 596.) However, Aguilar did not assert such a suspicion; to the contrary, she stated nothing about minor caused her any particular concern.

Finally, the cases cited by the People regarding marijuana-related searches are distinguishable. (*People v. Cook* (1975) 13 Cal.3d 663, 668–669 [officers had probable cause to believe a car contained contraband based on the "strong aroma of fresh marijuana" emanating from inside the vehicle], disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421; *People v. Strasburg* (2007) 148 Cal.App.4th 1052, 1055, 1059 [officer had probable cause to search car, where the defendant opened the driver's side door and the officer immediately smelled the odor of marijuana], superseded by statute as stated in *People v. Johnson* (2020) 50 Cal.App.5th 620, 628–629; see *People v. Waxler* (2014) 224 Cal.App.4th 712, 720 [odor of marijuana justifies the warrantless search of an automobile under *Strasburg*], superseded by statute as stated in *Johnson*, at p. 629; see also *People v. Coleman* (1991) 229 Cal.App.3d 321, 323, 327 [officers had probable cause to search a driver, where they had a tip that drugs were being sold out of a

7.

described vehicle at a described location, a vehicle matching the description was surrounded by multiple people, and a marijuana cigarette was seen in plain sight on the car console].) Minor was not in an enclosed space, such as a vehicle, that smelled of marijuana. Rather, he arrived at school with two other students who, collectively, smelled of marijuana. Aguilar later encountered him in a classroom with other students and noticed the smell of marijuana. Yet, Aguilar testified she had no particularized suspicions regarding minor. She certainly articulated no suspicion that he was in possession of marijuana.

Based on the foregoing, the court did not err in granting minor's motion to suppress.

## DISPOSITION

The order dismissing the petition is affirmed.